IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN RAY BRUMMETT, JR.,

    Plaintiff,   No. CIV S-04-1797 GEB JFM P

    vs.

CLAIR TESKE, et al.,

    Defendants.   FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants violated his rights under the Eighth Amendment by failing to protect plaintiff from a known risk of serious injury and acting with deliberate indifference to plaintiff's serious medical needs during a period when he was incarcerated at the Shasta County Jail.  Plaintiff also raises a pendent state law negligence claim. This matter is before the court on defendants' motions to dismiss this action pursuant to the unenumerated portion of Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust administrative remedies prior to suit.[1]

---

[1] Defendants Claire Teske and Robert Miller filed a motion to dismiss on June 24, 2005. Defendants Lorayne Blankenship and Amber Johnson filed a motion to dismiss on June 27, 2005.

1

On January 20, 2005, plaintiff received the notice required by <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff's amended complaint contains the following allegations. On January 23, 2004, while playing basketball on the recreation yard at the Shasta County Jail, plaintiff broke his tibula and "severely tore" tendons and ligaments in his right ankle. (Amended Complaint, filed June 9, 2005, at 5.) On the same day, plaintiff's ankle was x-rayed and defendant Miller ordered plaintiff's ankle placed in a plaster splint until the swelling went down and the ankle could be put in a cast. (<u>Id</u>.) On January 30, 2004, defendants Blankenship and Miller told plaintiff that he would have to move to another cell. (<u>Id</u>.) Defendant Miller took plaintiff's splint and told him it would be replaced later with a cast. (<u>Id</u>.) Plaintiff, who was walking on crutches, was forced to move to an upper bunk, and defendants Blankenship, Miller, and Teske all watched him struggle to get up first onto a cement deck and then into the bunk. (<u>Id</u>. at 6.) On February 18, 2004, plaintiff's ankle gave out, causing him to fall into the steel bunk and then, head first, onto the cement floor, causing him serious injuries. (<u>Id</u>.) Plaintiff did not receive immediate medical attention because defendant Johnson was not at her duty station. (<u>Id</u>.)

On February 19, 2004, defendant Miller was verbally abusive to plaintiff and inflicted pain on plaintiff while examining plaintiff following the fall on February 18. (<u>Id</u>. at 7.) Plaintiff did not receive x-rays of his neck until February 20, 2004.

Defendants Miller, Blankenship and Teske all knew that plaintiff was disabled and on psychotropic medication at the time that plaintiff was assigned to the upper bunk. (<u>Id</u>. at 8-9.) Plaintiff contends that any reasonable officer should have known that both the medication and the ankle injury placed plaintiff at high risk of serious injury from a fall if he were placed in an upper bunk. (<u>Id</u>. at 9.) Plaintiff also claims that he did not receive adequate medical care for the injuries he sustained in the fall. (<u>Id</u>. at 10.)

ANALYSIS

"Section 1997e(a) of Title 42 of the United States Code provides:

No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199. Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). See Wyatt, 315 F.3d at 1120; Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

The record reflects that the Shasta County Jail has a three step process for inmate grievances. (Ex. A to Declaration Don Van Buskirk, filed June 24, 2005.) The first step requires submission of a written grievance to an officer, who "shall attempt to resolve the problem where reasonably possible." (Id.) If the officer cannot resolve the problem, "the grievance shall be immediately forwarded to the Watch Commander for disposition." (Id.) The Watch Commander is required to provide a written response to the grievance within five working days, exclusive of weekends and holidays. (Id.) Within 48 hours thereafter, Inmates may appeal the Watch Commander's decision to the Facility Manager. (Id.) The Facility Manager is required to respond to the grievance within ten working days, exclusive of weekends and holidays. (Id.) The Facility Manager's decision on an appeal is "final and constitute[s] the end of the appeal process." (Id.)

On February 26, 2004, plaintiff submitted an inmate grievance to Captain Don Van Buskirk based on the events complained of in this action. (Ex. A to Plaintiff's Opposition to Defendant's [sic] Motion to Dismiss Plaintiff's First Amended Complaint, filed July 25, 2005.)

At all times relevant to this action, Captain Van Buskirk was the Administrator of the Shasta County Jail. (Van Buskirk Declaration, at ¶ 2.) Captain Van Buskirk routed the grievance to defendant Teske in the medical unit. (Id.; Van Buskirk Declaration at ¶ 9 and Ex. C thereto.) On March 2, 2004, defendant Teske sent a memo to Captain Van Buskirk responding to the grievance. (Van Buskirk Declaration at ¶ 9 and Ex. D thereto.) On March 10, 2004, plaintiff filed a second grievance, contending that his February 26, 2004 grievance had not been answered. (Ex. C to Plaintiff's Opposition.) On the same day, Sergeant Hubbard provided plaintiff with a copy of defendant Teske's March 2, 2004 response to plaintiff's February 26, 2004 grievance. (Exs. C and D to Plaintiff's Opposition.) Plaintiff did not file anything further in the jail grievance system. (Van Buskirk Declaration at ¶ 11.)

Defendants each contend that the above facts show that plaintiff failed to exhaust his jail administrative remedies prior to suit. However, the undisputed evidence of record shows that plaintiff tendered his grievance to Captain Van Buskirk, who appears to be the Facility Manager of the Shasta County Jail.[2] Captain Van Buskirk referred the grievance to defendant Teske, whose response was set forth in the "Answer" portion of the grievance form addressed to Captain Van Buskirk. (Ex. A to Plaintiff's Opposition.) Nothing in the February 26, 2004 grievance or the response thereto suggested that the grievance could be appealed further. (Cf. Ex. A to Buskirk Declaration, at 2 ("Inmates shall be informed by the officer returning the Watch Commander's reply that they may appeal the results of their grievance to the Facility Manager.") As noted above, the decision of the Facility Manager represents the end of the inmate grievance process in the Shasta County Jail.

/////

---

[2] Captain Van Buskirk identifies himself as the Administrator of the Jail, see Van Buskirk Declaration at ¶ 2, and plaintiff identifies him as the Facility Manager. (See Plaintiff's Opposition, at 2.) The reasonable inference to be drawn from this record is that Captain Van Buskirk was the Facility Manager for purposes of the grievance process, and defendants have not provided any evidence that another individual was in fact the Facility Manager at any time relevant to the events at bar.

This court finds that plaintiff could reasonably have concluded that Captain Van Buskirk had responded to his grievance by referring the grievance to defendant Teske and incorporating her response as his answer to the grievance, and that said response represented the final decision on plaintiff's grievance.  The court further finds that defendants have the burden of proving non-exhaustion and that they have failed to show that any administrative remedies remained available to plaintiff after he received the response to his February 26, 2004 grievance. For these reasons, defendants' motions to dismiss should be denied and defendants should be directed to answer plaintiff's amended complaint.

Defendants Blankenship and Johnson also seek dismissal of plaintiff's negligence claim on the ground that allegations of negligence are not actionable under the Eighth Amendment.  The negligence claim is a pendent state law claim over which this court has supplemental jurisdiction.  See 28 U.S.C. § 1367(a).  Defendants' request to dismiss this claim should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The June 24, 2005 motion of defendants Teske and Miller to dismiss be denied;

2. The June 27, 2005 motion of defendants Blankenship and Johnson to dismiss be denied; and

3. Defendants be directed to answer plaintiff's amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: January 11, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
brum1797.mtd