IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN RAY BRUMMETT JR.,

        Plaintiff,                No. CIV S-04-1797 GEB JFM P

    vs.

CLAIR TESKE, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2006, plaintiff filed a motion to compel discovery responses from defendants Loraine Blankenship and Amber Johnson.[1] Plaintiff seeks to compel production of specific documents that were the subject of discovery requests served on defendants. Specifically, plaintiff seeks to compel production of the following documents:

      A true and correct copy of the Shasta County Main Jail Policy and Procedure Manual.

      A true and correct copy of the Shasta County Sheriff's Department Duty Manual.

/////

---

[1] Plaintiff's motion to compel was served only on counsel for these defendants, and not on counsel for defendants Claire Teske and Robert Miller.

1

   A true and correct copy of the California Code of Regulations Title 15, that governs the Shasta County Jail.

   A true and correct copy of the list of inmate names that was kept by Jails housing unit control for the recreation yard for those inmates that where [sic] on the recreation yard from B1, on January 23, 2004.

   A true and correct unredacted copy of the inmate population report for the medical unit for cell changes made on January 30, 2004.

   A true and correct copy of any reports of memoranda generated by the supervisor in charge of medical administration of the administrative segregation unit regarding the incident that involved plaintiff on February 18, 2004, at about 21:15 hours.

   A true and correct copy of any and all documents relating to the dereliction of duty, misconduct, mistreatment by the defendants' one year prior to the incident of February 18, 2004, to the present date.

(Motion to Compel Discovery, filed July 6, 2006, at 1-2.)  In opposition to the motion, defendants Blankenship and Johnson contend that they have provided to plaintiff all relevant documents responsive to the requests and otherwise have interposed valid objections.

   The court has reviewed defendants' responses to the discovery requests as set forth in their opposition to plaintiff's motion.[2]  Therein, defendants state that:  (1) they have provided all portions of the Shasta County Main Jail policy and procedure manual that arguably relate to the claims at bar; (2) they have produced to plaintiff a section of the duty manual that describes the general duties of a deputy sheriff and have represented that there are no other sections of the manual responsive to plaintiff's requests or relevant to the claims at bar; (3) they are not required to produce Title 15 to plaintiff as it is a state statute equally available to plaintiff; (4) they have provided plaintiff with a complete copy of the Shasta County Inmate Orientation Manual; (5) they have advised plaintiff that "as of January 23, 2004, there was no list of names of

---

[2] Plaintiff's motion to compel was filed prior to service by defendants of responses to a third request for production of documents served by plaintiff on or about June 20, 2006 and intended to clarify requests in the April 27, 2006 document production request at issue in this motion.

inmates who go out to the recreation yard kept by housing unit control;"[3] (6) they have provided plaintiff all relevant information responsive to his request concerning medical cell unit changes; (7) they have provided to plaintiff the original incident report requested and no other incident reports exist; and (8) they have no documents regarding complains of misconduct of defendant Miller.[4]

        Defendants Blankenship and Johnson have provided all documents in their possession that are responsive to plaintiff's requests and relevant to plaintiff's claims. defendants are not required to produce Title 15 to plaintiff, nor are they required to produce documents that do not exist or are not in their custody or control.  After careful review of the record herein, and the documents filed in support of and in opposition to plaintiff's motion to compel, the court finds the responses of defendants Blankenship and Johnson to the discovery requests at issue sufficient, and no further responses will be required.  Plaintiff's motion to compel will therefore be denied.

        On September 15, 2006, plaintiff filed a motion for an extension of time to filed an opposition to the September 1, 2006 motion of defendants Blankenship and Johnson for summary judgment.  Good cause appearing, the request will be granted.

        Finally, the record reflects that on February 24, 2006, plaintiff filed a motion for summary judgment to which, on March 22, 2006, defendants Teske and Miller filed an opposition.  Therein, said defendants did not specifically request summary judgment in their favor.  They did, however, request a finding that the care provided to plaintiff met the applicable standard of care.  By order filed May 18, 2006, plaintiff's motion for summary judgment was

---

[3] Opposition to Plaintiff's Motion to Compel Discovery, filed July 21, 2006, at 4.

[4] Specifically, defendants Blankenship and Johnson represent that any documents responsive to this request would "presumably" be in Robert Miller's personnel file and that Miller is not an employee of Shasta County.  It appears that plaintiff served at least an August 2005 request for production of documents on counsel for defendant Miller.  (Ex. A to Plaintiff's Motion to Compel Discovery.)  Plaintiff did not, however, serve a copy of the present motion on defendant Miller, and said defendant has not responded in any way to the motion.

denied without prejudice. In that order, the court noted that none of the defendants had filed a cross-motion for summary judgment, and the court confirmed the September 1, 2006 deadline for filing dispositive motions. The court did not specifically address defendant Miller and Teske's request for a finding that adequate medical care had been provided to plaintiff. In order to clarify the record, and good cause appearing, defendants Miller and Teske will be given a period of fifteen days from the date of this order to file, as appropriate, a motion for summary judgment grounded in the arguments raised in their March 22, 2006 opposition to plaintiff's motion for summary judgment. No extensions of time will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 6, 2006 motion to compel is denied.

2. Plaintiff's September 15, 2006 motion for an extension of time is granted.

3. Plaintiff is granted thirty days from the date of this order in which to file and serve an opposition to the September 1, 2006 motion for summary judgment of defendants Blankenship and Johnson. Said defendants' reply, if any, shall be filed seven days thereafter.

4. Defendants Teske and Miller are granted fifteen days from the date of this order to file and serve a motion for summary judgment grounded in the arguments raised in their March 22, 2006 opposition to plaintiff's February 24, 2006 motion for summary judgment. No extensions of time to file said motion will be granted. Any motion for summary judgment filed in accordance with this order shall be briefed in accordance with Local Rule 78-230(m) and this court's order filed January 20, 2005.

DATED: November 13, 2006.

UNITED STATES MAGISTRATE JUDGE

12/mp
brum1797.36

4